UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| JOSE MANUEL PEREA CATALAN, TEODULO MEJIA, and RAFAEL MOSQUERA RAMOS, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED, | Civil Action No. 1:17-cv-00114 |
| Plaintiffs, | |
| v. | |
| METRO MINI MARKET NY INC., CHARLES GRISPINO, MARGORZATA STARZEC, and JOSE E. PERAHA, Jointly and Severally, | |
| Defendants. | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

MALGORZATA STARZEC
54-01 METROPOLITAN AVE
RIDGEWOOD, NEW YORK 11398

CHARLES GRISPINO
54-01 METROPOLITAN AVE
RIDGEWOOD, NEW YORK 11398

JOSE E. PERAHA
6212 METROPOLITAN AVE
MIDDLE VILLAGE, NEW YORK 11379

METRO MINI MARKET NY INC.
62-12 METROPOLITAN AVE
MIDDLE VILLAGE, NEW YORK 11379

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) – or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) – you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil

Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Park & Sim Global Law Group LLP
> 39-01 Main Street, Suite 608
> Flushing, NY 11354
> (718) 445-1300

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You must also file your answer or motion with the court.

*CLERK OF THE COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

PS0014

2

Park & Sim Global Law Group LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:    (718) 445-1300
Fax:    (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| JOSE MANUEL PEREA CATALAN, TEODULO MEJIA, and RAFAEL MOSQUERA RAMOS, Individually and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED, | Case No.:  1:17-cv-00114 |
| Plaintiffs, | **COLLECTIVE ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| METRO MINI MARKET NY INC., CHARLES GRISPINO, MARGORZATA STARZEC, and JOSE E. PERAHA, Jointly and Severally, | |
| Defendants. | |

---

Plaintiffs,  **JOSE MANUEL PEREA CATALAN, TEODULO MEJIA, RAFAEL MOSQUERA RAMOS** (hereinafter, "Plaintiffs"), on behalf of themselves and all other collective persons similarly situated including current and former employees of the Defendants (hereinafter, "FLSA Collective Plaintiffs" and collectively with Plaintiffs, the "Plaintiffs"), by and through their undersigned attorney, **Park & Sim Global Law Group LLP,** hereby file this Complaint against Defendants **METRO MINI MARKET NY INC., CHARLES GRISPINO, MALGORZATA STARZEC** and **JOSE E. PERAHA,** (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

PS0014

## INTRODUCTION

1.    Plaintiffs are employees of Defendants **METRO MINI MARKET NY INC.**, **CHARLES GRISPINO, MALGORZATA STARZEC** and **CHARLES E. PERAHA**.

2.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* ("FLSA") and the New York Labor Law §§1190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §146, including applicable liquidated damages, interest, attorneys' fees and costs. Upon information and belief, **CHARLES GRISPINO, MALGORZATA STARZEC** and **JOSE E. PERAHA**, serve or served as owner, manager, principal or agent of Defendant Corporation and through its corporate entity operated construction/design service business.

3.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of forty (40) hours per week without receiving the appropriate compensation for the hours over forty (40) hours per week that they worked.

4.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

5.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other similarly situated employees to work in excess of forty (40) hours per week without providing them with appropriate overtime compensation required by State and Federal law and regulations.

6.    The Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C §1367.

8.    Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391 since the Defendant resides in the County of Queens, New York.

## THE PARTIES

9.    Plaintiff, **JOSE MANUEL PEREA CATALAN**, was and still is, a resident of the County of Queens, City and State of New York.  He resides at 6101 55 Street, Maspeth, New York 11378.

10.   Plaintiff, **TEODULO MEJIA**,  was and still is, a resident of the County of Queens, City and State of New York.  He resides  at 5443 Metropolitan Avenue, Apartment 2R, Ridgewood, New York 11585.

11.     Plaintiff, **RAFAEL MOSQUERA RAMOS**, was and still is, a resident of the County of Queens, City and State of New York.  He resides at 59-81 Place, 1 Floor, Maspeth, New York 11378.

12.  Defendant, **METRO MINI MARKET NY INC.**, was and still is a domestic business corporation organized under the laws of New York, with a principal place of business located at 5401 Metropolitan Avenue, Ridgewood, NY 11398.

13.  Defendant, **METRO MINI MARKET NY INC.**, was and still is, a foreign corporation authorized to do business in the State of New York.

14.  Defendant, **METRO MINIMARKET NY INC.**, was and still is, a foreign corporation doing business in the State of New York is otherwise subject to the jurisdictions of the Courts of the State of New York pursuant to CPLR Section 302 and the case law hereunder.

5

15. Defendant, **METRO MINI MARKET NY INC.**, expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

16. Defendant, **METRO MINI MARKET NY INC.**, does and/or solicits business within the State of New York.

17. Defendant, **METRO MINI MARKET NY INC.**, derives substantial revenues from goods used or consumed or services rendered in the State of New York.

18. Defendant, **METRO MINI MARKET NY INC.**, derives substantial revenues from interstate or international commerce.

19. Defendant, **METRO MINI MARKET NY INC.**, was and still is, a duly organized partnership existing and doing business under the laws of the State of New York.

20. Defendant, **METRO MINI MARKET NY INC.**, was and still is, a duly organized proprietorship existing and doing business under the laws of the State of New York.

21. Upon information and belief, Defendant **CHARLES GRISPINO**, is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **METRO MINI MARKET NY INC**, and is responsible for the labor law compliance by defendant **METRO MINI MARKET NY INC.**, as well as legal compliance generally.

22. Defendant **CHARLES GRISPINO** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23.  Defendant **CHARLES GRISPINO** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

24.  Upon information and belief, Defendant **MALGORZATA STARZEC**, is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **METRO MINI MARKET NY INC.**, and is responsible for the labor law compliance by defendant **METRO MINI MARKET NY INC.**, as well as legal compliance generally.

25.  Defendant **MALGORZATA STARZEC** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.  Defendant **MALGORZATA STARZEC** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

27.  Upon information and belief, Defendant **JOSE E. PERAHA**, is an individual who is believed to be an officer, manager, shareholder, owner, principal or person of responsibility of **METRO MINI MARKET NY INC.**, and is responsible for the labor law compliance by Defendant **METRO MINI MARKET NY INC.**, as well as legal compliance generally.

28.  Defendant **JOSE E. PERAHA** possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

29.   Defendant **JOSE E. PERAHA** determined the wages and compensation of the employees of Defendant Corporation, including Plaintiffs, and established the schedules of the employees, maintained employee records and had the authority to hire and fire employees.

30.   The Defendants participated in the day-to-day operations of the business and acted intentionally and maliciously and are "employers" pursuant to the New York Labor Law Sec. 2 and the regulations thereunder, as well as the FLSA, 29 U.S.C. §203 (d) and regulations promulgated thereunder, 29 C.F.R. §791.2, and are jointly and severally liable with the Corporate Defendant.

31.   The Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

32.   Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.   Defendants jointly employed the Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated employees') employees within the meaning of the New York Labor Law and the 29 U.S.C. 201, *et seq.*

34.   In the alternative, Defendants constitute a single employer of the Plaintiffs and/or similarly situated individuals.

35.   Upon information and belief, each individual defendant operates Defendant Corporation as either an alter ego of himself/herself, and/or fail to operate Defendant Corporation as a legal entity separate and apart from himself/herself by, among other things:

(a)   Failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b)   Defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)   Transferring assets and debts freely as between all Defendants;

(d)   Operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e)   Operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)   Intermingling assets and debts of their own with Defendant Corporation;

(g)   Diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)   Other actions evincing a failure to adhere to the corporate form.

36. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

37. The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

38. The Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16 (b), 29 U.S.C. § 216 (b), on behalf of themselves and all other similarly situated non-exempt employees within the meaning of the FLSA and New York Labor Law, who were currently and formally employed by Defendants on or after the date that is three or six years before the filing of the Complaint in this case as defined herein and under the New York Labor

Law §§1190 and 650 *et seq.* and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §146, including applicable liquidated damages, interest, attorneys' fees and costs ("FLSA Collective Plaintiffs").

39.  At all relevant times, the Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

40.  This collective action class is so numerous that joinder of all members is impracticable and they would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

41.  The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

42.  At all relevant times, Defendants have been in the business of selling produce and grocery items. Defendants currently own and operate a company that provides services of

including but not limited to handling, processing, sales, shipping and delivering of produce and other grocery items.

43.   According to the New York Department of State-Division of Corporations filings, **JOSE E. PERAHA** is the Chief Executive Officer of **METRO MINI MARKET NY INC.**

44.   On or about January 7, 2009, Plaintiff, **RAFAEL MOSQUERA RAMOS** was hired by Defendants and/ or their predecessors, as applicable, to work as a store helper and cashier in the location until the end of his employment which was on or about August 10, 2016.

45.   During the commencement of employment of Plaintiff by Defendants until the end of Plaintiffs employment on October 19, 2016, he worked well in excess of forty (40) hours per week, over ten (10) hours per day, seven (7) days a week, including holidays.

46.   Plaintiff's duties included but were not limited to handling the cashier register, restocking items, inventory, store maintenance, selling store products and assisting customers.

47.   At all relevant periods of his employment, he was paid  with the rate of pay that was supposed to be payment for forty (40) hours per week. The Plaintiff, upon information and belief, and the Collective Plaintiffs were not paid any overtime premiums for work in excess of forty (40) hours per week.

48.   Plaintiff **RAFAEL MOSQUERA RAMOS** was not permitted a lunch break.

49.   From the beginning of his employment period until the end of his employment period, Plaintiff's wages were not accompanied with any paystub, wage statement or any form of record showing his hours worked, rates of pay, or any other payment information.

50.   Throughout Plaintiff's employment period, Defendants did not provide him with any method to track his time worked.

51.   Plaintiff was not compensated at the statutory minimum wage for much of his employment or provide overtime premiums for all hours worked in excess of forty (40) hours per week.

52.   Throughout Plaintiff's employment period, Plaintiff frequently worked in excess of ten (10) hours per day, yet Defendants failed to pay the spread of hour premiums.

53.   At no point during **RAFAEL MOSQUERA RAMOS**'s employment did he ever receive a wage notice showing his hourly or overtime rate.

54.   On or about August 1, 2014, Plaintiff,  **JOSE MANUEL PEREA CATALAN** was hired by Defendants and/ or their predecessors, as applicable, to work as a store helper and cashier in the location until the end of his employment which was on or about August 7, 2016.

55.   During the commencement of employment until the end of the employment of the Plaintiff by Defendants, he worked well in excess of forty (40) hours per week, over ten (10) hours per day, six (6) days a week, including holidays.

56.   Plaintiff's duties included but were not limited to handling the cashier register, restocking items, inventory, store maintenance, selling store products and assisting customers.

57.   At all relevant periods of his employment, he was paid  with the rate of pay that was supposed to be payment for forty (40) hours per week. The Plaintiff, upon information and belief, and the Collective Plaintiffs were not paid any overtime premiums for work in excess of forty (40) hours per week.

58.   Plaintiff **JOSE MANUEL PEREA CATALAN** was not given a lunch break.

59.   From the beginning of his employment period until the end of his employment period, Plaintiff's wages were not accompanied with any paystub, wage statement or any form of record showing his hours worked, rates of pay, or any other payment information.

60.  Throughout Plaintiff's employment period, Defendants did not provide him with any method to track his time worked.

61.  Plaintiff was not compensated at the statutory minimum wage for much of his employment or provide overtime premiums for all hours worked in excess of forty (40) hours per week.

62.  Throughout Plaintiff's employment period, Plaintiff frequently worked in excess of (10) hours per day, yet Defendants failed to pay the spread of hour premiums.

63.  At no point during **JOSE MANUEL PEREA CATALAN** employment did he ever receive a wage notice showing his hourly or overtime rate.

64.  On or about December 1, 2012, Plaintiff, **TEODULO MEJIA** was hired by Defendants and/ or their predecessors, as applicable, to work as a store helper and cashier in the location and currently still is employed by the Defendants.

65.   During the commencement of employment of Plaintiff by Defendants until the present day, Plaintiff works well in excess of forty (40) hours per week, over ten (10) hours per day, six (6) days a week, including holidays.

66.  Plaintiff's duties included but were not limited to handling the cashier register, restocking items, inventory, store maintenance, selling store products and assisting customers.

67.  At all relevant periods of his employment, Plaintiff was and currently is paid with the rate of pay that was  supposed to be payment for forty (40) hours per week. The Plaintiff, upon information and belief, and the Collective Plaintiffs were not paid any overtime premiums for work in excess of forty (40) hours per week.

68.   Plaintiff **TEODULO MEJIA** was and is still not given a lunch break.

69. From the beginning of his employment period until the present day, Plaintiff's wages were not accompanied with any paystub, wage statement or any form of record showing his hours worked, rates of pay, or any other payment information.

70. Throughout Plaintiff's employment period, Defendants do not provide him with any method to track his time worked.

71. Plaintiff is not compensated at the statutory minimum wage for much of his employment or provide overtime premiums for all hours worked in excess of forty (40) hours per week.

72. Throughout Plaintiff's employment period, Plaintiff frequently works in excess of ten (10) hours per day, yet Defendants failed to pay the spread of hour premiums.

73. At no point during **TEODULO MEJIA** employment did he ever receive a wage notice showing his hourly or overtime rate.

74. At all relevant times, the Plaintiff works and performs his services for and under the control and direction of the defendants.

75. It is understood that for all relevant periods, the per week rate of pay was supposed to be payment for forty (40) hours per week. The Plaintiffs and upon information and belief, the Collective Plaintiffs, were not paid any overtime premiums for work in excess of forty (40) hours per week.

76. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs the New York State overtime rate (of time and one-half) and the FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) for work performed in excess of forty (40) hours per week.

77.  Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

78.  Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

79.  The work performed by Plaintiffs required little skill and no capital investment.

80.  Upon information and belief, throughout all relevant time periods and during the course of the Plaintiffs' employment and while the Defendants employed the Plaintiffs, Defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

81.  Plaintiffs retained Park & Sim Global Law Group LLP to represent them and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

82.  Plaintiffs realleges and reavers Paragraphs 1 through 81 of this Complaint as if fully set forth herein.

83.  At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

84.  At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

85.    Upon information and belief, at all relevant times, each of Defendants, **METRO MINI MARKET NY INC., CHARLES GRISPINO, MARGORZATA STARZEC** and **JOSE E. PERAHA** had gross revenues in excess of $500,000.00.

86.    At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

87.    Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

88.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

89.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

90.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA. No notification, either in the form of posted notices or other means, was ever given to Plaintiffs regarding overtime and wages under FLSA.

91.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidate damages pursuant to the FLSA.

92.  Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

93.  Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C §216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

94.  Plaintiffs reallege and reaver Paragraphs 1 through 93 of this Complaint as if fully set forth herein.

95.  At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

96.  Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.  Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

98.  Defendants never provided Plaintiffs with written notice, in English and in Spanish, of their rate of pay, employer's regular pay day, and such other information as required by New York Labor Law 195 (1).

99.  Defendants did not provide Plaintiffs, and other similarly situated workers, with an accurate statement of wages with each payment of wages, as required by New York Labor Law 195(3). Defendants failed to provide Plaintiffs and others similarly situated with wage statements at the time of payment of wages, containing the dates of work covered for that

payment of wages; name of employees, name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other gross wages; deductions; allowances, if any claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by New York Labor Law 195(3).

100. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

101. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

102. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

103. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" Premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law and the FLSA;

b. An injunction against Defendants and their officers, agents, successors,

employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid overtime compensation due under the New York Labor Law and the FLSA in an amount to be determined at trial;

d.   An award of unpaid minimums wages due under the New York Labor Law and the FLSA in an amount to be determined at trial;

e.   An award of unpaid "spread of hours" premium due under the New York Labor Law in an amount to be determined at trial;

f.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

g.   An award of liquidated damages in an amount equal to 100% of their damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

h.   An award of lost wages, benefits and other remuneration in an amount to be determined at trial;

i.   An award of punitive damages as a result of Defendants' gross, wanton or willful fraud, dishonesty and malicious wrongdoing;

j.   An award or statutory penalties, and prejudgment and post judgment interest;

k.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.      Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issue so triable as of right by jury.



Dated: January 9 , 2017



Respectfully submitted,

_____

Sang J. Sim, Esq. [ssim3467]
Park & Sim Global Law Group LLP
39-01 Main Street, Suite 608
Flushing, NY 11354
Tel:    (718) 445-1300
Fax:    (718) 445-8616
petersimesq@yahoo.com
*Attorneys for Plaintiffs and FLSA Collective
Plaintiffs*